UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALE LEESON, 05B3098,

                 Petitioner,

        v.

J. T. SMITH, Superintendent,

                 Respondent.
_____

DECISION & ORDER

09-CV-6409L

Petitioner in the above-captioned case has twice applied to this Court for the appointment of counsel (Docket ## 2, 14) and has also sought an extension of time in which to respond to respondent's answer in this matter (Docket # 14).

Turning first to the petitioner's request for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Moreover, the Court has discretion, pursuant to 18 U.S.C. § 3006A, to appoint counsel to any person seeking relief under § 2254 when that person is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a) and (a)(2)(B).

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, as are indigent petitioners who

seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law and I find that the appointment of counsel is not necessary at this time. There has been no showing that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death. In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

I now turn to petitioner's request for an extension of time granting petitioner sixty days to respond to respondent's answer. (Docket # 14). Specifically, petitioner asks that he have until April 17, 2010 to respond. (*Id*.). Respondent's answer was filed on December 14, 2009. (Docket # 11). Neither the Federal Rules of Civil Procedure, nor the Rules Governing § 2254 Cases require that petitioners respond to respondent's answer. Thus, there is no deadline currently in place within which petitioner must make such a filing. Nevertheless, to the extent that petitioner believes that a response is necessary, the Court will permit petitioner until **April 17, 2010** to submit an additional memorandum of law.

## CONCLUSION

For the foregoing reasons, petitioner's motions for appointment of counsel **(Docket ## 2, 14)** are **DENIED** without prejudice to renewal. Petitioner's motion for an extension of time to respond to respondent's answer **(Docket # 14)** is **GRANTED**.

**IT IS SO ORDERED.**

                        *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
         January  8 , 2010